JS 44 - CAND (Rev 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
CURTISS L. SMITH

**DEFENDANTS**
CITY AND COUNTY OF SAN FRANCISCO, CHIEF OF POLICE HEATHER FONG, OFF. SUI NGOR TOM, SGT. BOWER, OFF. MARQUEZ, OFF. DILAG, OFF. ROBINSON, OFF. O'DONNELL, OFF. TUA, SGT. FOX, OFF. MADRID

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)
San Francisco

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
John J. Hughes, Law Offices of John J. Hughes, 1200 Gough St., Ste. One, San Francisco, CA 94109 (415) 928-4200

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane | [ ]362 Personal Injury Med Malpractice | [ ]620 Other Food & Drug | [ ]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]365 Personal Injury Product Liability | [ ]625 Drug Related Seizure of Property 21 USC 881 | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]320 Assault Libel & Slander | [ ]368 Asbestos Personal Injury Product Liability | [ ]630 Liquor Laws | **PROPERTY RIGHTS** | [ ]450 Commerce/ICC Rates/etc. |
| [ ]150 Recovery of Overpayment & Enforcement of Judgment | [ ]330 Federal Employers Liability | | [ ]640 RR & Truck | [ ]820 Copyrights | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]340 Marine | PERSONAL PROPERTY | [ ]650 Airline Regs | [ ]830 Patent | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ]345 Marine Product Liability | [ ]370 Other Fraud | [ ]660 Occupational Safety/Health | [ ]840 Trademark | [ ]810 Selective Service |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle | [ ]371 Truth In Lending | [ ]690 Other | | [ ]850 Securities/Commodities/Exchange |
| [ ]160 Stockholders Suits | [ ]355 Motor Vehicle Product Liability | [ ]380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ]875 Customer Challenge 12 USC 3410 |
| [ ]190 Other Contract | [ ]360 Other Personal Injury | [ ]385 Property Damage Product Liability | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]891 Agricultural Acts |
| [ ]195 Contract Product Liability | | | [ ]720 Labor/Mgmt Relations | [ ]862 Black Lung (923) | [ ]892 Economic Stabilization Act |
| [ ]196 Franchise | | | [ ]730 Labor/Mgmt Reporting & Disclosure Act | [ ]863 DIWC/DIWW (405(g)) | [ ]893 Environmental Matters |
| | | | [ ]740 Railway Labor Act | [ ]864 SSID Title XVI | [ ]894 Energy Allocation Act |
| | | | [ ]790 Other Labor Litigation | [ ]865 RSI (405(g)) | [ ]895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ]791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]210 Land Condemnation | [ ]441 Voting | [ ]510 Motion to Vacate Sentence Habeas Corpus: | | [ ]870 Taxes (US Plaintiff or Defendant) | [ ]950 Constitutionality of State Statutes |
| [ ]220 Foreclosure | [ ]442 Employment | [ ]530 General | | [ ]871 IRS - Third Party 26 USC 7609 | [ ]890 Other Statutory Actions |
| [ ]230 Rent Lease & Ejectment | [ ]443 Housing | [ ]535 Death Penalty | | | |
| [ ]240 Torts to Land | [ ]444 Welfare | [ ]540 Mandamus & Other | | | |
| [ ]245 Tort Product Liability | [x]440 Other Civil Rights | [ ]550 Civil Rights | | | |
| [ ]290 All Other Real Property | [ ]445 Amer w/ disab - Empl | [ ]555 Prison Condition | | | |
| | [ ]446 Amer w/ disab - Other | | | | |
| | [ ]480 Consumer Credit | | | | |
| | [ ]490 Cable/Satellite TV | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Action for violation of civil rights, police misconduct, excessive force and racial discrimination 42 U.S.C. 1981 and 1983.

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 999,999    CHECK YES only if demanded in complaint: JURY DEMAND: [x] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE AND "X" IN ONE BOX ONLY)    [x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE 5/25/2007    SIGNATURE OF ATTORNEY OF RECORD

John J. Hughes, State Bar No. 96481
LAW OFFICES OF JOHN J. HUGHES
Number One Cathedral Hill Tower
1200 Gough Street
San Francisco, CA 94109
Telephone: (415) 928-4200
Facsimile: (415) 928-4264
Email: sealawyer@sbcglobal.net
Attorney for Plaintiff
Curtis L. Smith

FILED
07 MAY 25 PM 3:44
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CURTIS L. SMITH,

    Plaintiff,

- vs -

CITY AND COUNTY OF SAN FRANCISCO
CHIEF OF POLICE HEATHER FONG
OFF. SUI NGOR TOM,
SGT. BOWER,
OFF. MARQUEZ,
OFF. DILAG,
OFF. ROBINSON,
OFF. O'DONNELL,
OFF. TJIA,
SGT. FOX,
OFF. MADRID,
OFF. O'CONNOR,
and DOES 1 through 10,

    Defendants.

CASE NO: C 07 2775 BZ

COMPLAINT FOR DAMAGES FOR:
(1) FALSE IMPRISONMENT,
(2) ASSAULT AND BATTERY,
(3) NEGLIGENCE
(4) VIOLATION OF CIVIL RIGHTS
    (Cal. Civil Code Sec. 51 *et seq.*)
(5) VIOLATION OF CIVIL RIGHTS
    (Title 42 U.S.C. Sec. 1981, 1983)

**JURY TRIAL DEMAND**

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

PLAINTIFF alleges:

**JURISDICTIONAL STATEMENT**

1. This action is brought pursuant to 42 U.S.C. 1981 and 1983 and jurisdiction of the Court is invoked under 28 U.S.C. Secs. 1331 and 1343. Plaintiffs further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of California to the extent such may appear.

///

///

---

Complaint for Damages      1

## VENUE

2. Venue is placed in this district pursuant to 28 U.S.C. Sec. 1391(b) because it is where the events complained of occurred and Plaintiff is informed and believes that it is where all the defendants reside.

## INTRA-DISTRICT ASSIGNMENT

3. The complaint alleges injuries which occurred in San Francisco, California.

## GENERAL ALLEGATIONS

4. Plaintiff, CURTIS L. SMITH, is a competent adult of the black race who, at all relevant times, was a citizen and resident of the State of California, County of San Francisco.

5. Defendant, CITY AND COUNTY OF SAN FRANCISCO, hereinafter referred to as "CITY," is and at all times herein mentioned was a municipality and a county, duly organized and existing under the laws of the State of California.

6. Defendant, CHIEF OF POLICE HEATHER FONG, hereinafter referred to as "CHIEF FONG" is Chief of Police for defendant, CITY, and is sued in her official capacity.

7. Defendants, OFF. SUI NGOR TOM, SGT. BOWER, OFF. MARQUEZ, OFF. DILAG. OFF. ROBINSON, OFF. O'DONNELL OFF. TJIA, SGT. FOX, OFF. MADRID, and OFF. O'CONNOR, (hereinafter collectively "OFFICERS") were at all times pertinent to the allegations of this Complaint, police officers employed by CITY. They are sued individually and in their official capacity.

8. Defendants, DOES 1 through 10, are fictitious parties whose names and capacities are presently unknown to Plaintiff, but Plaintiff alleges that each such defendant is in some manner liable for the injuries and damages suffered by Plaintiff. Plaintiff will seek leave to amend this complaint when the true names and capacities of these defendants are ascertained.

9. Defendants, DOE 1 through DOE 5, were at all times pertinent to the allegation of this Complaint, police officers employed by CITY. Each is sued individually and in his or her official capacity. Plaintiff is presently ignorant of the true identities of these defendants but is informed and believes that each was in some way responsible for the wrongful and tortious acts and omissions alleged herein.

10. Defendants, DOE 4 through DOE 8, were at all times pertinent to the allegation of this Complaint, individuals in managerial and/or supervisory positions employed by CITY. Each is sued individually and in his or her official capacity. Plaintiff is presently ignorant of the true identities of these defendants but is informed and believes that each was aware of the wrongful and tortious acts and omissions alleged herein and had the duty, power, and authority to prevent such acts and omissions, or to take appropriate corrective action, but failed to do so.

11. Plaintiff is informed and believes, and thereon alleges, that defendants and each of them at all times herein mentioned were the agents and employees of each of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of said agency and employment and with knowledge and consent of each of their co-defendants.

12. On or about October 24, 2006, Plaintiff presented to defendant, CITY, a claim for the injuries, disability, losses, and damages suffered and incurred by him by reason of the below-described occurrence, all in compliance with the requirements of Sections 911.2, 915, and all applicable provisions of the California Government Code. The claim against CITY was denied in writing on December 5, 2006.

13. On or about May 19, 2006, Plaintiff was a patron at the Sutter Station Tavern (hereinafter "TAVERN") located at 554 Market Street, San Francisco.

14. Plaintiff is informed and believes and thereon alleges that at or about 11:30 p.m. a disturbance occurred outside the TAVERN which involved vandalism by a number of young black males; that the bartender and the owner of the TAVERN went out onto the sidewalk to investigate; and that the bartender was assaulted and knocked to the ground.

15. Plaintiff went out of the TAVERN to the area of the disturbance with the intention of assisting the owner and bartender if necessary.

16. Plaintiff is informed and believes and thereon alleges that a report of the disturbance was made to CITY's police department and that defendant OFFICERS and DOES 1 through 4 were dispatched to, arrived at the scene of, and investigated the reported disturbance, during the course of which they came into contact with Plaintiff.

17. Plaintiff is informed and believes and thereon alleges that defendant OFFICERS and DOES 1 through 4 knew or should have known that Plaintiff was an innocent bystander and in no way involved in the disturbance.

18. Plaintiff is informed and believes and thereon alleges that with knowledge of the foregoing, defendant OFFICERS and DOES 1 through 4, acting in the course and scope of their employment by defendant CITY and under color of law, took Plaintiff into their custody without his consent, searched him, handcuffed him and placed him in their police vehicle.

19. In the process of taking Plaintiff into custody defendant OFFICERS and DOES 1 through 4 used unnecessary and excessive force and beat Plaintiff severely with their fists and batons, kicked him, threw him against a window and then to the ground, twisted his limbs and knelt on him all of which caused Plaintiff severe injuries.

20. Plaintiff is informed and believes and thereon alleges that defendants, SGT. BOWER, and SGT. FOX, were senior police officers at the scene and had the duty, power, and authority to supervise the other officers including the other named defendants in the performance of their duties, and to protect Plaintiff from infringement of his constitutionally and legislatively guaranteed rights which might be occasioned by misfeasance or malfeasance of officers of the San Francisco Police Department.

**FIRST CAUSE OF ACTION**
**FALSE IMPRISONMENT**

21. Plaintiff incorporates herein by reference each and every allegation of his General Allegations above with the same force and effect as if each had been set forth herein in full.

22. Plaintiff was blameless and there was neither probable cause nor reasonable suspicion that he had committed a crime or presented a threat to defendant OFFICERS and DOES 1 through 4. The detention of Plaintiff at the scene of the disturbance at the TAVERN, handcuffing him and locking him in a police vehicle as alleged above, during all of which time Plaintiff was not free to leave, was an arrest without warrant or probable cause, deprived Plaintiff of his liberty and constituted a false imprisonment. This arrest and deprivation of liberty were unreasonable and without due process of law in violation of Plaintiff's rights under the laws and Constitution of the

Complaint for Damages                                                                                                                4

State of California and in particular Civil Code Sec. 43 and in violation of duties set forth in Civil Code Sec. 1708 and 1714.

23. As a legal result of the foregoing, Plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his nervous system and person, all of which injuries have caused, and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that these injuries will result in some permanent disability to Plaintiff, all to his general damage according to proof.

24. As a further direct and legal result of the foregoing, Plaintiff was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, and his personal and professional reputation was impaired all to his general damage in an amount to be proven at trial.

25. As a further direct and legal result of the foregoing Plaintiff, was required to and did employ physicians and medical professionals to examine, treat and care for him, and incurred medical and incidental expenses, and will in the future incur medical and incidental expenses all to his damage in an amount to be proved at trial.

26. As a further direct and legal result of the foregoing Plaintiff has been deprived of wages, earnings, and earning capacity and will in the future be deprived thereof all in an amount to be proved at trial.

27. The acts of defendants as herein alleged were despicable, were in conscious disregard of the rights of Plaintiff, and subjected Plaintiff to cruel and unjust hardship, with the intention on the part of defendants of depriving Plaintiff of his legal rights such as to constitute malice and oppression within the meaning of Code of Civil Procedure Sec. 3294 thereby entitling Plaintiff to punitive and exemplary damages.

**SECOND CAUSE OF ACTION**
**ASSAULT AND BATTERY**

28. Plaintiff incorporates by reference each and every allegation set forth above with the same force and effect as if each had been set forth herein in full.

29. At the time and place set forth above Plaintiff was not armed and presented no threat to defendant OFFICERS and DOES 1 through 4 or to the public.

30. At the time and place set forth above, defendant OFFICERS and DOES 1 through 4, without any proper reason or cause, threatened Plaintiff with violence, threw Plaintiff against a window and onto the ground, punched, beat, kicked him, struck him with batons, knelt on his body and twisted his limbs causing him severe injuries as herein alleged all in violation of his rights as secured by California Civil Code Sec. 43 and in violation of duties set forth in Civil Code Sec. 1708 and 1714.

31. As a legal result of the foregoing, Plaintiff suffered the injuries and damages herein alleged.

32. The acts of defendants as herein alleged were despicable, were in conscious disregard of the rights of Plaintiff, and subjected Plaintiff to cruel and unjust hardship, with the intention on the part of defendants of depriving Plaintiff of his legal rights such as to constitute malice and oppression within the meaning of Code of Civil Procedure Sec. 3294 thereby entitling Plaintiff to punitive and exemplary damages.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

33. Plaintiff incorporates by reference each and every allegation set forth above with the same force and effect as if each had been set forth herein in full.

34. On or about the aforesaid date and prior thereto, defendants CITY, CHIEF FONG, SGT. BOWER SGT. FOX, and DOES 5 through 10 and each of them had a duty to the public and to Plaintiff to properly hire, train and supervise defendants OFF. SUI NGOR TOM, OFF. MARQUEZ, OFF. DILAG, OFF. ROBINSON, OFF. O'DONNELL OFF. TJIA, OFF. MADRID, OFF. O'CONNOR and DOES 1 through 4 in the discharge of their duties as police officers.

35. On or about the aforesaid date and prior thereto, defendants CITY, CHIEF FONG, SGT. BOWER SGT. FOX, and DOES 5 through 10 and each of them breached their duty of care by carelessly, negligently, and improperly, failing to properly hire and provide proper and adequate training and supervision to CITY's police officers including defendants, OFF. SUI NGOR TOM, OFF. MARQUEZ, OFF. DILAG, OFF. ROBINSON, OFF. O'DONNELL OFF. TJIA, OFF. MADRID, OFF. O'CONNOR, and DOES 1 through 4 so that they allowed, encouraged and

condoned procedures by which members of the public including Plaintiff were arrested or detained without warrant or probable cause and subjected to unreasonable and unnecessary force and racial discrimination, all in violation of Plaintiff's rights as secured by California Civil Code Sec. 43 and in violation of duties set forth in Civil Code Sec. 1708 and 1714.

36. As a legal result of the foregoing, Plaintiff suffered the injuries and damages herein alleged.

37. The acts of defendants as herein alleged were despicable, were in conscious disregard of the rights of Plaintiff, and subjected Plaintiff to cruel and unjust hardship, with the intention on the part of defendants of thereby depriving Plaintiff of his legal rights such as to constitute malice and oppression within the meaning of Code of Civil Procedure Sec. 3294 thereby entitling Plaintiff to punitive and exemplary damages.

## FOURTH CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS
### (California Civil Code Sec. 51 *et seq.* Unruh Act)

38. Plaintiff incorporates by reference each and every allegation set forth above with the same force and effect as if each had been set forth herein in full.

39. Plaintiff is informed and believes and thereon alleges that the reason defendants and each of them violated his rights as herein alleged was because he is of the black race.

40. By reason of the foregoing defendants and each of them have violated California Civil Code Sections 51 *et seq.*, and in particular Section 51.7, and are, therefore, liable to Plaintiff for damages as provided by Section 52.

41. As a legal result of the foregoing, Plaintiff suffered the injuries and damages herein alleged.

42. As a further direct and legal result of the foregoing Plaintiff was required to and did employ the undersigned attorney to prosecute this action thereby becoming obligated to pay said attorney a fee for his services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

43. The acts of defendants as herein alleged were despicable, were in conscious disregard of the rights of Plaintiff, and subjected Plaintiff to cruel and unjust hardship, with the intention on

Complaint for Damages                                                                                      7

1  the part of defendants of thereby depriving Plaintiff of his legal rights such as to constitute malice
2  and oppression within the meaning of Code of Civil Procedure Sec. 3294 thereby entitling Plaintiff
3  to punitive and exemplary damages.

### FIFTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS
### (Title 42 United States Code Sec. 1981 and 1983)

44. Plaintiffs incorporate herein by reference each and every allegation above stated with the same force and effect as if each had been set forth herein in full.

45. The arrest of Plaintiff and the detention of Plaintiff in a police vehicle during all of which time he was not free to leave, all without a warrant or probable cause, constituted a search and seizure within the meaning of the Fourth Amendment and deprived Plaintiff of his privacy and liberty. This search and seizure and deprivation of privacy and liberty was unreasonable and without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

46. Plaintiff, alleges that the seizure and arrest by defendant OFFICERS and DOES 1 through 4 was carried out in a violent and abusive manner using excessive and unnecessary force causing severe injury to his person in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

47. Plaintiff is informed and believes and thereon alleges that a motivating factor in the wrongful acts of defendant OFFICERS and DOES 1 through 4 as herein alleged was because he is of the black race.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Complaint for Damages                                                                                           8

48. Plaintiff is informed and believes and thereon alleges that the violation of his Fourth and Fourteenth Amendment rights by defendants, under color of state law was in accordance with the official policy of defendant, CITY, CHIEF FONG, and CITY'S Police Department and that defendant CITY ratified the acts of defendant OFFICERS and DOES 1 through 4.

49. The conduct of defendants, and each of them, deprived Plaintiff of the following rights, privileges and immunities secured to him by the constitution of the United States:

    a. The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the constitution of the United States;

    b. The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

50. As a legal result of the foregoing, Plaintiff suffered the injuries and damages herein alleged.

51. As a further direct and legal result of the foregoing Plaintiff was required to and did employ the undersigned attorney to prosecute this action thereby becoming obligated to pay said attorney a fee for his services in connection with and in furtherance of this action arising out of the conduct of the Defendants.

52. The acts of defendants as herein alleged were in reckless and conscious disregard of the rights of Plaintiff, and subjected Plaintiff to cruel and unjust hardship, with the intention on the part of defendants of thereby depriving Plaintiff of his legal rights such as to constitute malice and oppression thereby entitling Plaintiff to punitive and exemplary damages.

WHEREFORE, plaintiff prays judgment against the defendant as follows:

1. General damages according to proof but claimed at $500,000;

2. Special damages as herein alleged according to proof;

3. Attorney's fees according to proof;

4. Punitive and exemplary damages according to proof but claimed at $1,000,000;

5. The costs of suit;

6. For such other and further relief as to the court seems proper.

Dated: May 25, 2007

                        LAW OFFICES OF JOHN J. HUGHES

                        By: _____
                              John J. Hughes

## JURY TRIAL DEMAND

Plaintiff demands trial by jury.

Dated: May 25, 2007            LAW OFFICES OF JOHN J. HUGHES

                        By: _____
                              John J. Hughes

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named party, there is no such interest to report.

Dated: May 25, 2007

                        LAW OFFICES OF JOHN J. HUGHES

                        By: _____
                              John J. Hughes