1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  DONALD P. MARGOLIS, State Bar #116588
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3853
6  Facsimile:    (415) 554-3837
   E-Mail:       don.margolis@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND CHIEF OF POLICE HEATHER FONG, IN
HER OFFICIAL CAPACITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS L. SMITH,<br><br>           Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CHIEF OF POLICE HEATHER FONG, OFF. SUI NGOR TOM, SGT. BOWER, OFF. MARQUEZ, OFF. DILAG, OFF. ROBINSON, OFF. O'DONNELL, OFF. TJIA, SGT. FOX, OFF. MADRID, OFF. O'CONNOR, AND DOES 1 THROUGH 10,<br><br>           Defendants. | Case No. C 07-2775 BZ<br><br>**ANSWER OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND CHIEF OF POLICE HEATHER FONG, IN HER OFFICIAL CAPACITY, TO PLAINTIFF'S COMPLAINT; JURY DEMAND** |

Defendants City and County of San Francisco ("City"), and Chief of Police Heather Fong (in her official capacity) (collectively, "defendants"), by and through their attorney of record, answer the complaint filed on or about May 25, 2007 ("complaint") as follows:

**JURISDICTION**

1. Defendants admit that the incident that forms the basis of the complaint occurred in San Francisco. Except as specifically so admitted, paragraph 1 contains only allegations of law, to which no responsive pleading is required.

**VENUE AND INTRA-DISTRICT ASSIGNMENT**

2. Defendants admit that the incident that forms the basis of the complaint occurred in San Francisco. Except as specifically so admitted, paragraph 2 contains only allegations of law, to which no responsive pleading is required.

3. Defendants admit that the incident that forms the basis of the complaint occurred in San Francisco. Except as specifically so admitted, paragraph 3 contains only allegations of law, to which no responsive pleading is required.

**GENERAL ALLEGATIONS**

4. Defendants lack knowledge or information sufficient to respond to the allegations contained in paragraph 4.

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7.

8. This paragraph contains no allegations requiring a response.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendants deny the allegations contained in paragraph 10.

11. Defendants admit that Chief Fong was an employee of the City. Except as specifically so admitted, defendants deny the allegations contained in paragraph 11.

12. Defendants admit that plaintiff presented a claim on or about October 24, 2006, and that the City denied the claim on or about December 5, 2006. Except as specifically so admitted, defendants deny the allegations contained in paragraph 12.

13. Defendants lack knowledge or information sufficient to respond to the allegations contained in paragraph 13.

14. Defendants lack knowledge or information sufficient to respond to the allegations

1 contained in paragraph 14.

2     15.   Defendants lack knowledge or information sufficient to respond to the allegations
3 contained in paragraph 15.

4     16.   Defendants admit that the City's police department received a report of a disturbance
5 and that certain officers were dispatched to the scene of the incident giving rise to this action. Except
6 as specifically so admitted, defendants deny the allegations contained in paragraph 16.

7     17.   Defendants deny the allegations contained in paragraph 17.

8     18.   Defendants deny the allegations contained in paragraph 18.

9     19.   Defendants deny the allegations contained in paragraph 19.

10     20.   On information and belief, defendants admit that Sergeants Bower and Fox were at the
11 scene of the incident giving rise to this action. Except as specifically so admitted, defendants deny
12 the allegations contained in paragraph 20.

### FIRST CAUSE OF ACTION

(False Imprisonment)

15     21.   Defendants incorporate paragraphs 1 through 20 as though full set forth here.

16     22.   Defendants deny the allegations contained in paragraph 22.

17     23.   Defendants deny the allegations contained in paragraph 23.

18     24.   Defendants deny the allegations contained in paragraph 24.

19     25.   Defendants deny the allegations contained in paragraph 25.

20     26.   Defendants deny the allegations contained in paragraph 26.

21     27.   Defendants deny the allegations contained in paragraph 27.

### SECOND CAUSE OF ACTION

(Assault and Battery)

24     28.   Defendants incorporate paragraphs 1 through 27 as though full set forth here.

25     29.   Defendants lack knowledge and information sufficient to form a belief as to the truth
26 of the allegation that plaintiff was not armed. Defendants deny the remaining allegations contained in
27 paragraph 29.

28     30.   Defendants deny the allegations contained in paragraph 30.

1. 31. Defendants deny the allegations contained in paragraph 31.
2. 32. Defendants deny the allegations contained in paragraph 32.

### THIRD CAUSE OF ACTION

(Negligence)

33. Defendants incorporate paragraphs 1 through 32 as though full set forth here.
34. Defendants deny the allegations contained in paragraph 34.
35. Defendants deny the allegations contained in paragraph 35.
36. Defendants deny the allegations contained in paragraph 36.
37. Defendants deny the allegations contained in paragraph 37.

### FOURTH CAUSE OF ACTION

(Violation of Civil Rights)

38. Defendants incorporate paragraphs 1 through 37 as though full set forth here.
39. Defendants deny the allegations contained in paragraph 39.
40. Defendants deny the allegations contained in paragraph 40.
41. Defendants deny the allegations contained in paragraph 41.
42. Defendants deny the allegations contained in paragraph 42.
43. Defendants deny the allegations contained in paragraph 43.

### FIFTH CAUSE OF ACTION

(Violation of Civil Rights)

44. Defendants incorporate paragraphs 1 through 43 as though full set forth here.
45. Defendants deny the allegations contained in paragraph 45.
46. Defendants deny the allegations contained in paragraph 46.
47. Defendants deny the allegations contained in paragraph 47.
48. Defendants deny the allegations contained in paragraph 48.
49. Defendants deny the allegations contained in paragraph 49.
50. Defendants deny the allegations contained in paragraph 50.
51. Defendants deny the allegations contained in paragraph 51.
52. Defendants deny the allegations contained in paragraph 52.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim For Relief)

53. Plaintiff's complaint and each cause of action fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity—Federal Claims)

54. Chief Fong enjoys qualified immunity from liability under 42 U.S.C. under the doctrine announced in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982) and its progeny.

### THIRD AFFIRMATIVE DEFENSE

(Privileged Use of Force)

55. Any force used by any officer was the lawful, legally justified exercise of the right of self-defense and defense of the public and was therefore privileged by law.

### FOURTH AFFIRMATIVE DEFENSE

(Immunity From Exemplary Damages)

56. The City and Chief Fong (who is sued in her official capacity) are immune from liability for punitive or exemplary damages pursuant to the doctrine articulated in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

### FIFTH AFFIRMATIVE DEFENSE

(Comparative Fault)

57. The conduct of persons other than these defendants — particularly the conduct of plaintiff himself — contributed to and proximately caused the occurrence and the alleged injuries. Under the principles formulated in *American Motorcycle Association v. Superior Court,* 20 Cal.3d 578 (1978), defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that these defendants' ultimate liability be reduced to the extent of such contribution.

### SIXTH AFFIRMATIVE DEFENSE

(Reckless Conduct)

58. At all times mentioned in plaintiff's complaint, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint. Such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff. As a consequence, plaintiff's claim are barred.

**SEVENTH AFFIRMATIVE DEFENSE**

(Statutory Immunity)

59. The City and its employees are immune from all liability for each and every cause of action based on state law, pursuant to California Government Code §§ 815.2, 820, 820.2, 820.4, 820.6, 820.8, 821, 844, 844.6, 845, 845.2, 845.6, 845.8, 846; Penal Code §§ 834, 834a, 835, 835a, 836, 836.5, 839, 845.6, and 847; and related provisions and interpretive case law.

**EIGHTH AFFIRMATIVE DEFENSE**

(Immunity From Exemplary Damages)

60. Defendants are immune from liability for exemplary damages under California Government Code § 818.

**NINTH AFFIRMATIVE DEFENSE**

(Estoppel)

61. By reason of his own acts and omissions, plaintiff is estopped from seeking any recovery from defendants.

**TENTH AFFIRMATIVE DEFENSE**

(Justified Incarceration)

62. The complaint and each cause of action herein is barred because the defendants were legally justified to detain, arrest and incarcerate plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Assumption of the Risk)

63. Plaintiff had full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the happening of the incident set forth in the complaint. Plaintiff voluntarily

assumed all the risks incident to the activity engaged in at the time and place mentioned in this complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

WHEREFORE, defendants pray that plaintiff take nothing by the Complaint on file herein, that defendants have judgment for costs of suit herein incurred and for such other and further relief as the Court may deem proper.

Dated: June 26, 2007

        DENNIS J. HERRERA
        City Attorney
        JOANNE HOEPER
        Chief Trial Deputy

        By: _____/S/_____
        DONALD P. MARGOLIS
        Deputy City Attorney

        Attorneys for Defendants
        CITY AND COUNTY OF SAN FRANCISCO AND
        CHIEF HEATHER FONG

### JURY DEMAND

Defendants demand a trial by jury of all issues so triable.

Dated: June 26, 2007

        DENNIS J. HERRERA
        City Attorney
        JOANNE HOEPER
        Chief Trial Deputy

        By: _____/S/_____
        DONALD P. MARGOLIS
        Deputy City Attorney

        Attorneys for Defendants
        CITY AND COUNTY OF SAN FRANCISCO AND
        CHIEF HEATHER FONG