DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DONALD P. MARGOLIS, State Bar #116588
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3853
Facsimile:    (415) 554-3837
E-Mail:       don.margolis@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO;
CHIEF OF POLICE HEATHER FONG, IN
HER OFFICIAL CAPACITY; AND
KEVIN O'DONNELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS L. SMITH,<br><br>           Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CHIEF OF POLICE HEATHER FONG, OFF. SUI NGOR TOM, SGT. BOWER, OFF. MARQUEZ, OFF. DILAG, OFF. ROBINSON, OFF. O'DONNELL, OFF. TJIA, SGT. FOX, OFF. MADRID, OFF. O'CONNOR, AND DOES 1 THROUGH 10,<br><br>           Defendants. | Case No. C 07-2775 SI<br><br>**ANSWER OF DEFENDANT KEVIN O'DONNELL TO PLAINTIFF'S COMPLAINT; JURY DEMAND** |

Defendant Kevin O'Donnell ("defendant"), by and through his attorneys of record, answers the unverified complaint filed on or about May 25, 2007 ("complaint") as follows:

O'DONNELL'S ANSWER TO COMPLNT; JURY TRIAL DEMAND; CASE NO. C 07-2775      1      n:\lit\li2007\071541\00422825.doc

## JURISDICTION

1. Defendant admits that the incident that forms the basis of the complaint occurred in San Francisco. Except as specifically so admitted, paragraph 1 contains only allegations of law, to which no responsive pleading is required.

## VENUE AND INTRA-DISTRICT ASSIGNMENT

2. Defendant admits that the incident that forms the basis of the complaint occurred in San Francisco. Except as specifically so admitted, paragraph 2 contains only allegations of law, to which no responsive pleading is required.

3. Defendant admits that the incident that forms the basis of the complaint occurred in San Francisco. Except as specifically so admitted, paragraph 3 contains only allegations of law, to which no responsive pleading is required.

## GENERAL ALLEGATIONS

4. Defendant lacks knowledge or information sufficient to respond to the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 do not pertain to defendant, who therefore does not respond to them.

6. The allegations contained in paragraph 6 do not pertain to defendant, who therefore does not respond to them.

7. Defendant admits the allegations contained in paragraph 7 insofar as they relate to defendant. The remaining allegations contained in paragraph 7 do not pertain to defendant, who therefore does not respond to them.

8. This paragraph contains no allegations requiring a response.

9. The allegations contained in paragraph 9 do not pertain to defendant, who therefore does not respond to them.

10. The allegations contained in paragraph 10 do not pertain to defendant, who therefore does not respond to them.

11. Defendant admits that he was at all relevant times an employee of the City, acting within the scope of his employment. Except as specifically so admitted, defendant denies the

allegations contained in paragraph 11.

12. Defendant lacks knowledge or information sufficient to respond to the allegations contained in paragraph 12.

13. Defendant lacks knowledge or information sufficient to respond to the allegations contained in paragraph 13.

14. Defendant lacks knowledge or information sufficient to respond to the allegations contained in paragraph 14.

15. Defendant lacks knowledge or information sufficient to respond to the allegations contained in paragraph 15.

16. Defendant admits that the City's police department received a report of a disturbance and that he was dispatched to the scene of the incident giving rise to this action. Except as specifically so admitted, defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 do not pertain to defendant, who therefore does not respond to them..

## FIRST CAUSE OF ACTION

(False Imprisonment)

21. Defendant incorporates paragraphs 1 through 20 as though full set forth here.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

## SECOND CAUSE OF ACTION

(Assault and Battery)

28. Defendant incorporates paragraphs 1 through 27 as though full set forth here.

29. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation that plaintiff was not armed. Defendant denies the remaining allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

## THIRD CAUSE OF ACTION

(Negligence)

33. Defendant incorporates paragraphs 1 through 32 as though full set forth here.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

## FOURTH CAUSE OF ACTION

(Violation of Civil Rights)

38. Defendant incorporates paragraphs 1 through 37 as though full set forth here.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

## FIFTH CAUSE OF ACTION

(Violation of Civil Rights)

44. Defendant incorporates paragraphs 1 through 43 as though full set forth here.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.
47. Defendant denies the allegations contained in paragraph 47.
48. Defendant denies the allegations contained in paragraph 48.
49. Defendant denies the allegations contained in paragraph 49.
50. Defendant denies the allegations contained in paragraph 50.
51. Defendant denies the allegations contained in paragraph 51.
52. Defendant denies the allegations contained in paragraph 52.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim For Relief)

53. Plaintiff's complaint and each cause of action fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity—Federal Claims)

54. Defendant enjoys qualified immunity from liability under 42 U.S.C. under the doctrine announced in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982) and its progeny.

### THIRD AFFIRMATIVE DEFENSE

(Privileged Use of Force)

55. Any force used by defendant was the lawful, legally justified exercise of the right of self-defense and defense of the public and was therefore privileged by law.

### FOURTH AFFIRMATIVE DEFENSE

(Comparative Fault)

56. The conduct of persons other than these defendants — particularly the conduct of plaintiff himself — contributed to and proximately caused the occurrence and the alleged injuries. Under the principles formulated in *American Motorcycle Association v. Superior Court,* 20 Cal.3d 578 (1978), defendant prayS that the percentage of such contribution be established by special verdict

or other procedure, and that this defendant's ultimate liability be reduced to the extent of such contribution.

### FIFTH AFFIRMATIVE DEFENSE

(Reckless Conduct)

57. At all times mentioned in plaintiff's complaint, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint. Such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff. As a consequence, plaintiff's claim are barred.

### SIXTH AFFIRMATIVE DEFENSE

(Statutory Immunity)

58. The City and its employees are immune from all liability for each and every cause of action based on state law, pursuant to California Government Code §§ 820, 820.2, 820.4, 820.6, 820.8, 821, 844, 844.6, 845, 845.2, 845.6, 845.8, 846; Penal Code §§ 834, 834a, 835, 835a, 836, 836.5, 839, 840, 843, 847, 848, 849.5; and related provisions and interpretive case law.

### SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

59. By reason of his own acts and omissions, plaintiff is estopped from seeking any recovery from defendants.

### EIGHTH AFFIRMATIVE DEFENSE

(Justified Incarceration)

60. The complaint and each cause of action herein is barred because the defendant was legally justified to detain, arrest and incarcerate plaintiff.

### NINTH AFFIRMATIVE DEFENSE

(Assumption of the Risk)

61. Plaintiff had full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the happening of the incident set forth in the complaint. Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in this complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

WHEREFORE, defendant prays that plaintiff take nothing by the Complaint on file herein, that defendant have judgment for costs of suit herein incurred and for such other and further relief as the Court may deem proper.

Dated: June 29, 2007

                              DENNIS J. HERRERA
                              City Attorney
                              JOANNE HOEPER
                              Chief Trial Deputy


                    By:           /S/
                         DONALD P. MARGOLIS
                         Deputy City Attorney

                         Attorneys for Defendant
                         KEVIN O'DONNELL

## JURY DEMAND

Defendant demands a trial by jury of all issues so triable.

Dated: June 29, 2007

                         DENNIS J. HERRERA
                         City Attorney
                         JOANNE HOEPER
                         Chief Trial Deputy


                    By:           /S/
                         DONALD P. MARGOLIS
                         Deputy City Attorney

                         Attorneys for Defendants
                         CITY AND COUNTY OF SAN FRANCISCO AND
                         CHIEF HEATHER FONG