JOHN J. HUGHES, State Bar #96481
Law Offices of John J. Hughes
1200 Gough Street, Suite One
San Francisco, CA 94109
Telephone:   415-928-4200
Facsimile:    415-928-4264
E-Mail: sealawyer@sbcglobal.net

Attorneys for Plaintiff
CURTISS L. SMITH


DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DONALD P. MARGOLIS, State Bar #116588
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:   (415) 554-3853
Facsimile:    (415) 554-3837
E-Mail:        don.margolis@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS L. SMITH,<br><br>           Plaintiff,<br><br>      vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CHIEF OF POLICE HEATHER FONG, OFF. SUI NGOR TOM, SGT. BOWER, OFF. MARQUEZ, OFF. DILAG, OFF. ROBINSON, OFF. O'DONNELL, OFF. TJIA, SGT. FOX, OFF. MADRID, OFF. O'CONNOR, AND DOES 1 THROUGH 10,<br><br>           Defendants. | Case No. C 07-2775 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Conf. Date:   September 21, 2007<br>Time:           2:00 p.m.<br>Place:          Crtrm 10, 19th Fl.<br><br>Trial Date:   None |

In response to this Court's Case Management Conference Order, the parties submit the following Joint Case Management Statement.

1. **Jurisdiction and Service**

Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction to hear and decide claims arising under the laws of the State of California. He sues for damages under 42 U.S.C. § 1983, alleging violation of his civil rights. Defendants do not contest personal jurisdiction or venue. Plaintiff has served all defendants, all of whom have appeared by answering the complaint.

2. **Facts**

Plaintiff alleges the following: On May 19, 2006, he was a patron at the Sutter Station Tavern at 554 Market Street, San Francisco. At 11:30 p.m., a disturbance occurred outside the tavern, involving vandalism by several young black males. Tavern personnel went out to investigate; plaintiff also exited the bar intending to assist Tavern staff as necessary. Someone reported the disturbance to the San Francisco Police Department. Plaintiff alleges that during the course of investigating the disturbance, certain police officers improperly took him into custody, used excessive force on him, kicked him, threw him against a window and then to the ground, beat him severely with their fists and batons, twisted his limbs, and knelt on him, severely injuring him. Plaintiff alleges the officers should have known that he was an innocent bystander.

Plaintiff seeks damages for false arrest and excessive force under the Fourth and Fourteenth Amendments of the federal Constitution; under California law for false imprisonment, assault and battery, and negligence; and for racial discrimination in violation of the Unruh Act, California Civil Code §§ 51 *et seq*.

Defendants allege the following. At the scene, certain officers attempted to investigate a physical fight that had occurred between two other men outside the tavern. Plaintiff verbally and physically interfered with those investigative efforts. Despite the officers' repeated requests to plaintiff to stand back and cease loudly challenging the police officers, who had no interest in or intent to detain plaintiff, plaintiff refused to relent. His actions interfered with the officers' ability to conduct an orderly investigation. Ultimately, having failed to calm plaintiff down, the officers

detained and handcuffed him. A few minutes later, after plaintiff calmed down, the officers allowed him to go, and no accusatory pleading was filed.[1] Defendants deny striking, kicking, punching, or inflicting any unreasonable force. Certain of the named and served defendants had absolutely no contact, physical or verbal, with plaintiff, and in no way participated in detaining or restraining him, or in deciding to detain or restrain him.

3.   **Legal Issues**

The primary legal issues are whether: (1) there is municipal liability, *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978); (2) the officers are entitled to qualified immunity, *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982); (3) the officers had a reasonable suspicion that plaintiff had committed a crime or was armed and dangerous so as to justify detention; *Terry v. Ohio*, 392 U.S. 1 (1967); (4) the actions of the officers constituted an arrest requiring probable cause, *Morgan v. Woessner*, 997 F.2d 1244 (9th Cir. 1993); (5) if an arrest occurred, the officers had probable cause for an arrest, *Henry v. United States*, 361 U.S. 98 (1959); (6) the officers used excessive force in effecting the detention or arrest of plaintiff, *Graham v. Connor*, 490 U.S. 386 (1989); (7) any use of force by the officers was a privileged exercise of the right of self-defense and the defense of others; and (8) statutory immunities or other defenses shield the officers from liability under state law. These statutes include, without limitation, California Government Code sections 820.2 (discretionary immunity), 820.4 (immunity for acts, exercising due care, in enforcement of law), 820.8 (no liability for act or omission of another person); Penal Code sections 835 (allowance of reasonable force to make arrest), 835a (allowance of reasonable force to make arrest or overcome resistance), 836.5 (no liability for arrest that officer had reasonable cause to believe was lawful), 839 (privilege to summon aid to make arrest).

4.   **Motions**

The individual officer defendants intend to move for summary judgment based on qualified immunity. The City and Chief Fong in her official capacity intend to move for summary judgment

---

[1] Under state law, the action therefore was deemed a detention, not an arrest. Penal Code § 849.5.

for lack of evidence that the alleged injuries resulted from an official custom or policy, as required under *Monell*. If necessary, and depending on the evidence uncovered in discovery, the defendants may also move for summary judgment on the ground that no genuine issues of material fact exist, and the defendants are entitled to judgment as a matter of law.

5. **Amendment of Pleadings**

Plaintiff expects to amend the complaint following initial discovery to correctly identify the defendant officers and to dismiss any named defendants shown not to have been involved in misconduct. The defendants do not currently intend to seek to amend their respective pleadings.

6. **Evidence Preservation**

Defendants have asked the relevant City departments to preserve evidence, and are attempting to gather all potentially relevant evidence. Plaintiff is preserving such evidence as is in his possession.

7. **Disclosures**

On September 14, 2007, the parties will serve their initial disclosures, identifying all persons with discoverable information that the parties may use to support their claims or defenses, and producing all documents and things in their possession, custody or control that they may use to support their claims or defenses.

8. **Discovery**

The parties have conducted no discovery to date. The parties anticipate serving document requests, interrogatories, requests for admission, and taking depositions of the plaintiff, defendants, and percipient witnesses. The parties address the subjects contained in Rule 26(f) as follows:

(a) Changes to Initial Disclosure Requirements: The parties do not contemplate any changes in the form or requirement for initial disclosures.

(b) The parties anticipate discovery from percipient witnesses concerning the facts of the incident that gives rise to this action. Expert discovery on proper police practices will also be required.

(c) The parties are unaware of any electronic discovery issues.

(d) The parties currently do not contemplate any issues concerning claims of privilege or of protection as trial-preparation material.

(e) Defendants request a stay on any discovery relating solely to the issue of municipal liability under *Monell*, until after the parties have completed discovery, and the court has heard dispositive motions, on the issues relating to individual liability. There can be no *Monell* liability without proof that an individual City employee inflicted constitutional harm. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Quintanilla v. City of Downey*, 84 F.3d 353, 355-56. If the individual defendants establish on summary judgment motion that they did not violate plaintiff's constitutional rights, plaintiff will have no viable claim under *Monell*. Thus, to avoid distracting, time-consuming discovery on *Monell* issues that ultimately could prove to be irrelevant and unnecessary – typically inquiries about incidents unrelated to the subject incident – defendants request that the Court first allow the parties to complete their discovery on individual liability, and hear dispositive motions as to those issues. Only if the Court finds the potential for individual liability should it then allow discovery on *Monell* issues.

Plaintiff believes that such a stay of discovery is unnecessary and would unduly complicate the conduct of discovery concerning the individual defendants, and further, would result in significant delay in resolution of the matter. For example, issues concerning policies, training, and supervision are inextricably linked to both individual and municipal liability.

**9.    Class Actions**

Not applicable.

10.    **Related Cases**

None, to the parties' knowledge.

11.    **Relief**

Plaintiff seeks compensatory damages including medical special damages estimated at $640.40, earnings losses and benefits estimated at $550, general damages for pain, suffering, humiliation, loss of reputation, etc. claimed at $500,000, attorney's fees in an amount to be determined and punitive damages presently claimed at $1,000,000.

12. **Settlement and ADR**

There have been no ADR efforts to date. The parties have agreed to mediate. Exchange of initial written discovery, and depositions of plaintiff, percipient witnesses, and of the key officer defendants should precede any mediation. Motions need not necessarily precede the mediation.

13. **Consent to Magistrate for All Purposes**

Defendants have declined to consent to have a magistrate judge conduct further proceedings.

14. **Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

As discussed above, defendants request bifurcation of discovery, postponing any *Monell* discovery until a later phase. Plaintiff does not agree with this request for the reasons stated. Defendants will also request bifurcation at trial, postponing any trial of *Monell* liability until after the resolution of the issues of individual defendant liability. Plaintiff will oppose such bifurcation on the grounds that it is unnecessary and would result in delay and repetition of evidence.

16. **Expedited Schedule**

The parties do not believe an expedited schedule is appropriate.

17. **Scheduling:**

Defendants propose the following discovery schedule:

**Written discovery**: First phase completed by March 28, 2008; second phase, if necessary, to be determined after determination of dispositive motions.

**Depositions of lay witnesses**: First phase completed by May 16, 2008; second phase, if necessary, to be determined after determination of dispositive motions.

**Expert designation:** First phase: First phase completed by June 6; second phase, if necessary, to be determined after resolution of dispositive motions.

Plaintiff proposes the following discovery schedule:

**Non-expert discovery:** To be completed by May 16, 2008.

**Expert designation:** To be simultaneously disclosed by the parties on June 6, 2008.

The parties jointly propose the following additional scheduling:

**Hearing of dispositive motions:** August 1, 2008

**Pretrial conference:** September 12, 2008

**Trial:** September 22, 2008

18. **Trial**

The parties request a trial by jury. They expect the trial will last ten to 14 days.

19. **Disclosure of Non-party Interested Entities or Persons**

Plaintiff and the individual defendants have filed Certifications of Interested Entities or Persons under Civil Local Rule 3-16. Each such party hereby restates that as of this date, other than the named parties, there is no such interest to report. By the terms of Rule 3-16, defendants City and County of San Francisco and Heather Fong, sued in her official capacity, are exempt from the certification requirement.

Dated: September 12, 2007

LAW OFFICES OF JOHN J. HUGHES

By:_____
JOHN J. HUGHES
Attorneys for Plaintiff

[The filer of this document attests that concurrence in the filing of this document has been obtained from defendant's attorney below, and shall serve in lieu of his signature.]

Dated: September 12, 2007

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
DONALD P. MARGOLIS
Deputy City Attorney

By:_____
DONALD P. MARGOLIS
Attorneys for Defendants