JOHN J. HUGHES, State Bar #96481
Law Offices of John J. Hughes
1200 Gough Street, Suite One
San Francisco, CA  94109
Telephone:    415-928-4200
Facsimile:    415-928-4264
E-Mail:  sealawyer@sbcglobal.net

Attorneys for Plaintiff
CURTISS L. SMITH

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DONALD P. MARGOLIS, State Bar #116588
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3853
Facsimile:    (415) 554-3837
E-Mail:       don.margolis@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS L. SMITH,<br><br>    Plaintiff,<br><br> vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CHIEF OF POLICE HEATHER FONG, OFF. SUI NGOR TOM, SGT. BOWER, OFF. MARQUEZ, OFF. DILAG, OFF. ROBINSON, OFF. O'DONNELL, OFF. TJIA, SGT. FOX, OFF. MADRID, OFF. O'CONNOR, AND DOES 1 THROUGH 10,<br><br>    Defendants. | Case No. C 07-2775 SI<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT**<br><br>Conf. Date:    February 8, 2008<br>Time:          2:30 p.m.<br>Place:         Crtrm 10, 19th Fl.<br><br>Trial Date:    September 22, 2008 |

In response to this Court's Pretrial Preparation Order, the parties submit the following Second Joint Case Management Statement.  For the Court's convenience, the parties restate in large part the case description they provided in their first joint case management statement.

Second Joint Case Management Statement  
Smith v. CCSF; Case No. C 07-2775 SI      1      c:\wp51\legal\smij.cmc.stm.00463577.doc

1. **Jurisdiction and Service**

Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction to hear and decide claims arising under the laws of the State of California. He sues for damages under 42 U.S.C. § 1983, alleging violation of his civil rights. Defendants do not contest personal jurisdiction or venue. Plaintiff has served all defendants, all of whom have appeared by answering the complaint.

2. **Facts**

Plaintiff alleges the following: On May 19, 2006, he was a patron at the Sutter Station Tavern at 554 Market Street, San Francisco. At 11:30 p.m., a disturbance occurred outside the tavern, involving vandalism by several young black males. Tavern personnel went out to investigate; plaintiff also exited the bar intending to assist Tavern staff as necessary. Someone reported the disturbance to the San Francisco Police Department. Plaintiff alleges that during the course of investigating the disturbance, certain police officers improperly took him into custody, used excessive force on him, kicked him, threw him against a window and then to the ground, beat him severely with their fists and batons, twisted his limbs, and knelt on him, severely injuring him. Plaintiff alleges the officers should have known that he was an innocent bystander.

Plaintiff sues for false arrest and excessive force under the Fourth and Fourteenth Amendments of the federal Constitution; under California law for false imprisonment, assault and battery, and negligence; and for racial discrimination in violation of the Unruh Act, California Civil Code §§ 51 *et seq*. Plaintiff seeks compensatory damages including medical special damages estimated at $640.40, earnings losses and benefits estimated at $550, general damages for pain, suffering, humiliation, loss of reputation, etc. claimed at $500,000, attorney's fees in an amount to be determined and punitive damages presently claimed at $1,000,000.

Defendants allege the following. At the scene, certain officers attempted to investigate a physical fight that had occurred between two other men outside the tavern. Plaintiff verbally and physically interfered with those investigative efforts. Despite the officers' repeated requests to plaintiff to stand back and cease loudly challenging the police officers, who had no interest in or intent to detain plaintiff, plaintiff refused to relent. His actions interfered with the officers' ability to

conduct an orderly investigation. Ultimately, having failed to calm plaintiff down, the officers detained and handcuffed him. A few minutes later, after plaintiff calmed down, the officers allowed him to go, and no accusatory pleading was filed.[1] Defendants deny striking, kicking, punching, or inflicting any unreasonable force. Certain of the named and served defendants had absolutely no contact, physical or verbal, with plaintiff, and in no way participated in detaining or restraining him, or in deciding to detain or restrain him.

3. **Legal Issues**

The primary legal issues are whether: (1) there is municipal liability, *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978); (2) the officers are entitled to qualified immunity, *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982); (3) the officers had a reasonable suspicion that plaintiff had committed a crime or was armed and dangerous so as to justify detention; *Terry v. Ohio*, 392 U.S. 1 (1967); (4) the actions of the officers constituted an arrest requiring probable cause, *Morgan v. Woessner*, 997 F.2d 1244 (9th Cir. 1993); (5) if an arrest occurred, the officers had probable cause for an arrest, *Henry v. United States*, 361 U.S. 98 (1959); (6) the officers used excessive force in effecting the detention or arrest of plaintiff, *Graham v. Connor*, 490 U.S. 386 (1989); (7) any use of force by the officers was a privileged exercise of the right of self-defense and the defense of others; and (8) statutory immunities or other defenses shield the officers from liability under state law. These statutes include, without limitation, California Government Code sections 820.2 (discretionary immunity), 820.4 (immunity for acts, exercising due care, in enforcement of law), 820.8 (no liability for act or omission of another person); Penal Code sections 835 (allowance of reasonable force to make arrest), 835a (allowance of reasonable force to make arrest or overcome resistance), 836.5 (no liability for arrest that officer had reasonable cause to believe was lawful), 839 (privilege to summon aid to make arrest).

4. **Motions**

---

[1] Under state law, the action therefore was deemed a detention, not an arrest. Penal Code § 849.5.

The individual officer defendants intend to move for summary judgment based on qualified immunity. The City and Chief Fong in her official capacity intend to move for summary judgment for lack of evidence that the alleged injuries resulted from an official custom or policy, as required under *Monell*. If necessary, and depending on the evidence uncovered in discovery, the defendants may also move for summary judgment on the ground that no genuine issues of material fact exist, and the defendants are entitled to judgment as a matter of law.

5. **Partial Dismissal**

Based on discovery responses and further investigation, plaintiff has dismissed three of the 10 named defendant officers: Officers Madrid, O'Connor, and Tjia. The defendants do not currently intend to seek to amend their respective pleadings.

6. **Evidence Preservation**

Defendants have asked the relevant City departments to preserve evidence, and are attempting to gather all potentially relevant evidence. Plaintiff is preserving such evidence as is in his possession.

7. **Discovery**

The parties have exchanged a first wave of discovery, and additional sets of discovery propounded by the City are pending. The City has deposed plaintiff and an independent witness, bar owner Barbara Alessi. Plaintiff has not yet deposed any defendants. The parties are discussing the form of a protective order to submit to this Court for consideration, which would govern the use and dissemination of police officer personnel records and records of citizen complaints.

8. **Settlement and ADR**

Mediator Eric Ivary conducted a mediation of the case on January 22, 2008. The mediation did not result in a settlement.

9. **Further Scheduling.**

The parties intend to focus their efforts over the next 60 days on locating and deposing unaffiliated witnesses, with a view to re-evaluating their settlement positions. This schedule should be consistent with the current pretrial schedule of discovery cutoff and dispositive motions. The parties are, however, having some difficulty locating many of the witnesses. Should the parties

1  determine that additional time is necessary to flesh out the facts that would be conducive to informal
2  resolution of the case, they will approach the Court with a request to modify the case management
3  schedule.

5  Dated: February 1, 2008

LAW OFFICES OF JOHN J. HUGHES

By:_____/S/_____
   JOHN J. HUGHES
   Attorneys for Plaintiff
   [The filer of this document attests that concurrence in the filing of
   this document has been obtained from defendant's attorney below,
   and shall serve in lieu of his signature.]

Dated: February 1, 2008

   DENNIS J. HERRERA
   City Attorney
   JOANNE HOEPER
   Chief Trial Deputy
   DONALD P. MARGOLIS
   Deputy City Attorney

By:_____/S/_____
   DONALD P. MARGOLIS
   Attorneys for Defendants